# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### 1:09CV ___

| | | |
|---|---|---|
| LISA M. HONEYCUTT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF ROCKINGHAM, | ) | |
| NORTH CAROLINA; R. B. | ) | **COMPLAINT** |
| LUGABIHL, individually, and in his | ) | |
| official capacity as an Officer of the | ) | |
| Rockingham Police Department; and | ) | |
| BIG LOTS STORES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

The plaintiff, Lisa M. Honeycutt, complaining of defendants, alleges the following:

## JURISDICTION AND VENUE

1.    Plaintiff has instituted this action pursuant to 42 U.S.C. § 1983 and other laws to recover damages for the deprivation of her constitutional and civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America; and under the laws of the State of North Carolina.

2.    Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 and

1

42 U.S.C. § 1988, 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction, as incorporated in 28 U.S.C. § 1367.

3.     The unlawful conduct alleged below was committed within the Middle District of North Carolina, and venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff, Lisa M. Honeycutt, is a citizen of the United States and a resident of Richmond County, North Carolina.

5.     Defendant, City of Rockingham, North Carolina (" defendant City"), is a municipal corporation established pursuant to N.C. Gen. Stat. § 160A-1, *et. seq.*, as defined and described in N.C. Gen. Stat. § 160A-11.  In the exercise of its statutory powers, defendant City established and created the Rockingham Police Department as a department of the City.  At all times relevant to this action, defendant City acted through its managers and policymakers, including its chief of police; and the acts, edicts, and practices of said persons represent the official policies of defendant City.  At all times relevant to this action, defendant City was a "person" within the meaning and definition of 42 U.S.C. § 1983.

6.     Upon information and belief, defendant R. B. Lugabihl ("defendant Lugabihl") is currently a resident of Richmond County, North Carolina.  At all

2

times relevant to this action defendant Lugabihl was employed by defendant City as a certified law enforcement officer of the Rockingham Police Department. Defendant Lugabihl is a "person" within the meaning of 42 U.S.C. § 1983; and is sued in his individual capacity and in his official capacity as an officer of the Rockingham Police Department.

7.     Defendant Big Lots Stores, Inc., is a corporation established and existing under the laws of the State of Ohio. Defendant Big Lots Stores, Inc. (hereafter "Big Lots") is engaged in the retail sale of general merchandise, and transacts business within the Middle District of North Carolina, through its individual stores, including Big Lots Store # 1168, which is located in Rockingham, North Carolina.

## FACTS

8.     On December 1, 2006, plaintiff traveled to the Big Lots Store #1168 in Rockingham, North Carolina, to return a child's flashlight previously purchased from the store, and to do some shopping. Plaintiff was shopping for Christmas presents for her children, and had placed several items in her shopping cart.

9.     Before plaintiff checked out, plaintiff's husband, who had been shopping at a nearby grocery store with the couple's small children, came into the store to get the keys to their vehicle. Plaintiff left her shopping cart and went to

3

the vehicle with her husband and children, unlocked it, and then re-entered the store, and retrieved her shopping cart.

10.    As plaintiff waited in the line at the cashier's counter, she placed the items from her shopping cart onto the counter.  As she stood in line conversing with a man who was standing behind her with whom she had previously been acquainted, the security employee of defendant Big Lots, identified as Robert Layton, loudly exclaimed, "I saw you put that watch in your purse; give me your purse."  Plaintiff denied that she had placed any merchandise in her purse and showed the employee the inside of her purse.  Nevertheless, the employee required plaintiff to move to another area while they waited for the police to arrive.

11.    Shortly thereafter, several police officers of the Rockingham Police Department arrived on the scene, including defendant R. B. Lugabihl.  The police officers asked the security guard what merchandise plaintiff had taken, and the security guard picked up a flashlight from a stocking cart and falsely charged that plaintiff had concealed a flashlight with the intent to steal it.  Plaintiff responded that she had previously purchased a flashlight for which she had a receipt, and had intended to return the flashlight for credit.  Without examining plaintiff's receipt, the officers asked the security employee whether he wished to file a criminal charge against plaintiff.  Initially, the employee indicated that he did not wish to

4

charge plaintiff with a criminal offense; but subsequently, after consultation with another employee, the security employee informed the officers that he wished to charge plaintiff with concealing merchandise.

12. Defendant Lugabihl then took plaintiff into custody. He handcuffed plaintiff's hands behind her back, and roughly placed her in the back seat of his police vehicle. Defendant Lugabihl also retrieved plaintiff's pocketbook and other items, and placed them on the front seat of the police vehicle. He transported plaintiff to the magistrate's office for the apparent purpose of having her charged with shoplifting.

13. At the magistrate's office defendant Lugabihl ordered plaintiff to remain in a waiting room while he provided information to the magistrate for the preparation of the criminal charge. While plaintiff was waiting, she proclaimed her innocence to defendant Big Lots' security guard. Plaintiff begged him to retrieve her receipt for the flashlight which she had previously purchased. Defendant Lugabihl stated in a loud voice, "Shut up, bitch!" Neither defendant Lugabihl nor the defendant Big Lots' security guard obtained or examined plaintiff's receipt for the flashlight which she was accused of taking.

14. Defendant Lugabihl ordered plaintiff to sit down in a chair outside the magistrate's office. As plaintiff, whose hands were still handcuffed behind her

5

back, attempted to go to the chair, defendant Lugabihl pushed plaintiff violently into the chair, causing traumatic injuries to plaintiff's body. Defendant Lugabihl then grabbed plaintiff's leg and threw her onto the floor. Plaintiff begged defendant Lugabihl to stop abusing her. Ignoring her pleas, defendant Lugabihl grabbed the handcuffs which were binding plaintiff's hands behind her back, and the top of her pants, picked her up off the floor, and threw her into a brick wall, face first, where she then crumpled to the floor, temporarily unconscious. Plaintiff was seriously injured, and was bleeding profusely from her head and eye where she had struck the wall.

15.    When the magistrate discovered that plaintiff had been injured, he called the emergency medical service who came to the scene, treated plaintiff and transported her to the hospital. Following her treatment at the emergency room, defendant Lugabihl transported plaintiff to the jail for processing.

16.    Thereafter, a warrant was issued for plaintiff's arrest, at the request of defendants Lugabihl and Big Lots through its security guard, identified as Robert Layton, charging plaintiff with concealing merchandise and assaulting defendant Lugabihl. There was no probable cause to support the charges.

17.    On December 2, 2006, plaintiff was charged with obstructing and resisting arrest and disorderly conduct by defendant Lugabihll. There was no

6

probable cause to support the charges.

18.     On October 4, 2007, the criminal charges against plaintiff were tried before the Richmond County District Court. At the conclusion of the state's evidence, all charges were dismissed by the Court.

19.     From December 1, 2006 to the present, plaintiff has been treated for injuries which she sustained as a result of defendant Lugabihl's violent and abusive conduct.

20.     At all times relevant to this action, defendant Lugabihl was acting under color of law, and within the course and scope of his employment as a law enforcement officer of the Rockingham Police Department.

21.     At all times relevant to this action, defendant Lugabihl acted deliberately, maliciously, or recklessly and in abuse of his authority.

22.     As a direct and proximate result of defendant Big Lots' actions, plaintiff suffered and incurred, and will continue to suffer and incur, severe mental anguish and emotional distress, loss of reputation, loss of enjoyment and quality of life, attorneys' fees and other damages to be proven at trial.

23.     As a direct and proximate result of defendant Lugabihl's use of excessive and unreasonable force, and malicious prosecution of plaintiff for a crime she did not commit, plaintiff suffered and incurred, and will continue to

suffer and incur, severe pain and suffering, impairment of her life activities and the loss of use of her body, severe emotional distress and mental anguish, loss of enjoyment and quality of life, medical and other expenses for the treatment of and rehabilitation from her devastating injuries, loss of income and benefits, attorneys' fees; and other injuries and damages to be proven at trial.

### Additional Facts Establishing Liability of the City of Rockingham

24.     At all times pertinent to this action, defendant City, through its police department, was responsible for the hiring, training, supervision, discipline, and retention of its officers; and was further responsible for enforcing policies, regulations and rules to insure that the police officers obeyed the laws of the State of North Carolina and of the United States.

25.     During the time period prior the incident described above, defendant City failed to train its officers properly and adequately, including the individual defendant Lugabihl who assaulted plaintiff on the night in question, to refrain from the use of excessive and unreasonable force in the performance of their duties.

26.     Upon information and belief, prior to the above incident, defendant City, through its managers and officers of its police department, knew, or in the exercise of reasonable care, should have known, the violent and aggressive

8

propensities of defendant Lugabihl. Nevertheless, in spite of said notice, defendant City hired defendant Lugabihl, failed to train him, failed to supervise or monitor his performance, failed to discipline him or to correct his misconduct, and retained him after he assaulted plaintiff.

27.    Upon information and belief, the abuse to which plaintiff was subjected was consistent with a custom, policy, pattern and practice of defendant City and its police officers to apply and condone the use of excessive and unreasonable force in the performance of their duties, and defendant City was deliberately indifferent to the repeated violations of the constitutional rights of individuals, including plaintiff.

## WAIVER OF IMMUNITY

28.    Upon information and belief, pursuant to North Carolina General Statutes § 160A-485, defendant City of Rockingham has waived its governmental immunity to suits in tort by the purchase of one or more policies of liability insurance, by funding a reserve to cover liability claims resulting from the performance of governmental functions, or by participating in a local government risk pool pursuant to N.C. Gen. Stat. § 58-23-5.

9

## CLAIMS AGAINST THE POLICE DEFENDANTS

### FIRST CLAIM FOR RELIEF
### Deprivation of Civil Rights under 42 U.S.C. § 1983 to be Free from Excessive Force Against the Defendant Lugabihl in his Individual Capacity

29. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. As alleged above, the defendant Lugabihl, acting under the color of state law and authority, used unreasonable and excessive force against plaintiff, and thereby denied plaintiff her clearly established constitutional rights to be free from unreasonable seizure and excessive and unnecessary force and due process of law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

31. As a proximate result of defendant Lugabihl's acts, plaintiff has suffered and incurred severe injuries and substantial damages, as specifically described above, for which she is entitled to compensatory damages.

32. Defendant Lugabihl's conduct in violation of plaintiff's constitutional rights, as described above, was outrageous, egregious, wilful and wanton; and defendant Lugabihl engaged in such conduct with malice and reckless indifference to plaintiff's federally protected rights. Plaintiff is entitled to recover punitive damages against defendant Lugabihl individually, in an amount to be proven at

trial.

## SECOND CLAIM FOR RELIEF
**Deprivation of Civil Rights under 42 U.S.C. § 1983 to be Free from Malicious and Wrongful Prosecution Against the Defendant Lugabihl in his Individual Capacity**

33.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

34.     Defendant Lugabihl, acting under color of state law, initiated and continued a criminal prosecution against plaintiff on the criminal charges stated above.

35.     There was no probable cause for the criminal prosecution of the plaintiff.

36.     The criminal prosecution of plaintiff was terminated in favor of the plaintiff.

37.     In the above acts, defendant Lugabihl, acting under the color of state law and authority, denied plaintiff her constitutional rights to be free from unreasonable seizures, and to due process of law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

38.     As a proximate result of said violations, plaintiff has suffered and

11

incurred serious personal injuries and damages, as specifically described above.

39.   Defendants' acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff.   Accordingly, plaintiff is entitled to recover punitive damages against each of the individual defendants in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Deprivation of Civil Rights under 42 U.S.C. § 1983 Against Defendant**
**City of Rockingham and Defendant Lugabihl in his Official Capacity**

40.   Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.   As alleged above, defendant City, acting under color of state law and authority, established customs, policies and procedures which resulted in the deprivation of plaintiff's constitutional rights to be free from unreasonable and excessive force and malicious prosecution pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, as follows:

(1)   In failing to establish reasonable policies and to take reasonable precautions in the hiring, promotion and retention of police personnel, including defendant Lugabihl;

12

(2)     In failing to train, supervise, instruct or monitor its officers, including defendant Lugabihl, in the use of force and criminal prosecutions against suspects and other citizens;

(3)     In hiring and retaining defendant Lugabihl who, upon information and belief, had shown a propensity for using violence and unreasonable and excessive force against suspects or other citizens, in the performance of his responsibilities for the defendant City;

(4)     In failing to take corrective action to prevent defendant Lugabihl from exercising unreasonable and excessive force and causing criminal prosecutions without probable cause to be filed against suspects and other citizens;

(5)     In failing to discipline defendant Lugabihl following his actions against plaintiff;

(6)     In ratifying the misconduct of defendant Lugabihl; and

(7)     In other acts and omissions.

42.     As a proximate result of defendants' violations of plaintiff's constitutional rights, plaintiff has suffered and incurred severe personal injuries and substantial damages, as specifically described above, for which she is entitled

to compensatory damages.

## FOURTH CLAIM FOR RELIEF
### Assault Against Police Defendants

43. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

44. Defendant Lugabihl's conduct, as described above, constituted an unlawful and unwarranted show of violence, placing plaintiff in reasonable apprehension of immediate harmful or offensive bodily contact.

45. Defendant City is liable for the actions of defendant Lugabihl pursuant to the doctrine of *respondeat superior*.

46. As a proximate result of defendant Lugabihl's assaults, plaintiff has suffered and incurred severe injuries and substantial damages, as specifically described above, for which she is entitled to compensatory damages.

47. Defendant Lugabihl's acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff. Aggravating circumstances include those acts specifically described in paragraphs 8 through 27 above. Accordingly, plaintiff is entitled to recover punitive damages against defendant Lugabihl in an amount to be proven at trial in accordance with Chapter 1B of the North Carolina General

14

Statutes.

## FIFTH CLAIM FOR RELIEF
### Battery Against Police Defendants

48.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

49.     Defendant Lugabihl's conduct, as described above, was carried out without plaintiff's consent, and constituted an unlawful and unwarranted infliction of harmful or offensive contact upon plaintiff's person.

50.     Defendant City is liable for the actions of defendant Lugabihl pursuant to the doctrine of *respondeat superior*.

51.     As a proximate result of defendant Lugabihl's batteries, as alleged herein, plaintiff has suffered severe injuries and substantial damages, as specifically described above, for which she is entitled to compensatory damages.

52.     Defendant Lugabihl's acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff Honeycutt. Aggravating circumstances include those acts specifically described in paragraphs 8 through 27 above. Accordingly, plaintiff is entitled to recover punitive damages against each individual defendant in an amount to be proven at trial, in accordance with Chapter 1B of the North Carolina

15

General Statutes.

## SIXTH CLAIM FOR RELIEF
### Negligent Hiring and Retention Against Defendant City of Rockingham

53.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

54.     Defendant City had a duty to members of the community, including plaintiff, to exercise reasonable care in the hiring, training, supervision and retention of officers to insure that said officers were qualified and trained to carry out their duties without inflicting excessive and unreasonable violence or force or instituting baseless criminal prosecutions against suspects or other citizens.

55.     Defendant City was negligent and violated its duty in hiring and retaining, and in failing to properly train and supervise the defendant Lugabihl.

56.     As a proximate result of defendant City's negligence, as alleged herein, plaintiff has suffered severe injuries and substantial damages, as specifically described above, for which she is entitled to compensatory damages.

## SEVENTH CLAIM FOR RELIEF
### Malicious Prosecution Against Police Defendants

57.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

58.     In his above acts, defendant Lugabihl, acting within the scope of his

16

employment as a public officer, maliciously instituted or caused to be instituted criminal proceedings against plaintiff without probable cause. Said proceedings were ultimately dismissed by the State of North Carolina.

59.     As a proximate result of defendant Lugabihl's malicious prosecution, plaintiff has suffered and incurred personal injuries, damages and attorneys' fees, as specifically described above.

60.     Defendant City is liable for the actions of defendant Lugabihl pursuant to the doctrine of *respondeat superior*.

61.     Defendant Lugabihl's acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff. Aggravating circumstances include those acts and representations specifically described in paragraphs 8 through 27 above. Accordingly, plaintiff is entitled to recover punitive damages against defendant Lugabihl in his individual capacity in an amount to be proven at trial in accordance with Chapter 1D of the North Carolina General Statutes.

**EIGHTH CLAIM FOR RELIEF**
**False Arrest Against Police Defendants**

62.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

17

63.     In his above acts, defendant Lugabihl, acting within the scope of his employment as a public officer, arrested plaintiff without probable cause, and calls to the institution of criminal proceedings against her. Said proceedings were ultimately dismissed by the State of North Carolina.

64.     As a proximate result of defendant Lugabihl's false arrest, plaintiff has suffered and incurred personal injuries, damages and attorneys' fees, as specifically described above.

65.     Defendant City is liable for the actions of defendant Lugabihl pursuant to the doctrine of *respondeat superior.*

66.     Defendant Lugabihl's acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff.   Aggravating circumstances include those acts and representations specifically described in paragraphs 8 through 27 above. Accordingly, plaintiff is entitled to recover punitive damages against defendant Lugabihl in his individual capacity in an amount to be proven at trial in accordance with Chapter 1D of the North Carolina General Statutes.

## NINTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress Against Police Defendants

67.     Plaintiff incorporates by reference the foregoing paragraphs as if fully

set forth herein.

68.   In his above acts, defendant Lugabihl, acting within the scope of his employment as a public officer, intentionally inflicted emotional distress upon plaintiff.

69.   Defendant Lugabihl's actions caused plaintiff to suffer extreme and severe emotional stress.

70.   As a proximate result of defendant Lugabihl's acts, plaintiff has suffered and incurred personal injuries, damages and attorneys' fees, as specifically described above.

71.   Defendant City is liable for the actions of defendant Lugabihl pursuant to the doctrine of *respondeat superior*.

72.   Defendant Lugabihl's acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff.   Aggravating circumstances include those acts and representations specifically described in paragraphs 8 through 27 above above. Accordingly, plaintiff is entitled to recover punitive damages against defendant Lugabihl in his individual capacity in an amount to be proven at trial in accordance with Chapter 1D of the North Carolina General Statutes.

## CLAIMS AGAINST BIG LOTS STORES

### TENTH CLAIM FOR RELIEF
### Malicious Prosecution

73.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

74.     In their above acts, defendant Big Lots, through its employees, maliciously instituted or caused to be instituted criminal proceedings against plaintiff without probable cause.

75.     Said proceedings were ultimately dismissed by the State of North Carolina.

76.     As a proximate result of said violations, plaintiff has suffered and incurred personal injuries, damages and attorneys' fees, as specifically described above.

77.     Defendant Big Lots is liable for the actions of its employees pursuant to the doctrine of *respondeat superior*.

78.     Defendant Big Lots' acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff.   Aggravating circumstances include those acts and representations specifically described in paragraphs 8 through 27 above above.

20

Accordingly, plaintiff is entitled to recover punitive damages against defendant Big Lots in an amount to be proven at trial in accordance with Chapter 1D of the North Carolina General Statutes.

### ELEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

79. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

80. Defendant Big Lots, through its employees, caused a criminal action to be filed against plaintiff, falsely charging her with concealing merchandise, a charge that was calculated to shame, humiliate and to produce public condemnation of the plaintiff.

81. In combination with the conduct described above, defendant Big Lots' actions evidenced a pattern of extreme and outrageous behavior pursued with the intent to cause plaintiff to suffer severe emotional distress.

82. As a result of defendants' intentional and outrageous conduct, plaintiff has suffered and will continue to suffer extreme and severe emotional distress.

83. As a direct and proximate result of defendant Big Lots' actions in falsely accusing plaintiff of a crime which he did not commit and causing the

filing of a criminal prosecution against her, plaintiff suffered and incurred, and will continue to suffer and incur personal injuries, damages and attorneys' fees, as specifically described above.

84.     Defendant Lugabihl's acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff.     Aggravating circumstances include those acts specifically described in paragraphs 8 through 27 above.     Accordingly, plaintiff is entitled to recover punitive damages against defendant Big Lots in an amount to be proven at trial in accordance with Chapter 1B of the North Carolina General Statutes.

## TWELTH CLAIM FOR RELIEF
### Negligence

85.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

86.     Defendant Big Lots owed plaintiff a duty to use due care with respect to any investigation concerning the concealment of merchandise from its store.

87.     The defendant Big Lots breached its duty in failing to properly investigate whether plaintiff had committed the offense of concealment of merchandise.

88. As a proximate result of defendant Big Lots' negligence, plaintiff has suffered and incurred serious personal injuries and damages, as specifically described above.

89. Defendant Big Lots' actions, through its employees, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff. Aggravating circumstances include those acts and representations specifically described in paragraphs 8 through 27 above above. Accordingly, plaintiff is entitled to recover punitive damages against defendant Big Lots in an amount to be proven at trial in accordance with Chapter 1D of the North Carolina General Statutes.

### THIRTEENTH CLAIM FOR RELIEF
### Defamation

90. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

91. In their above acts, defendant Big Lots, through its employees, defamed plaintiff by accusing her of criminal conduct in the presence of other customers and employees.

92. The statements of defendant Big Lots' employees were false, and consequently, criminal proceedings instituted by defendant on the basis of said

statements were ultimately dismissed by the State of North Carolina.

93. As a proximate result of said violations, plaintiff has suffered and incurred personal injuries, damages and attorneys' fees, as specifically described above.

94. Defendant Big Lots is liable for the actions of its employees pursuant to the doctrine of *respondeat superior*.

95. Defendant Big Lots' acts, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of plaintiff. Aggravating circumstances include those acts and representations specifically described in paragraphs 8 through 27 above. Accordingly, plaintiff is entitled to recover punitive damages against defendant Big Lots in an amount to be proven at trial in accordance with Chapter 1D of the North Carolina General Statutes.

## PRAYER FOR RELIEF

The plaintiff hereby requests the following relief:

(1) That this Court issue a judgment declaring that defendants have violated plaintiff's constitutional rights;

(2) That plaintiff recover from defendants, jointly and severally, compensatory damages in an amount in excess of $100,000;

24

(3)     That plaintiff recover from the defendants, other than the City, punitive damages in an amount in the discretion of the jury;

(4)     That plaintiff recover pre-judgment and post-judgment interest on all amounts recovered herein;

(5)     That plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein pursuant to 42 U.S.C. § 1988; and

(6)     That this Court grant additional relief which it deems just and appropriate.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues presented herein.


This the 30th day of November, 2009.

                              s/Robert M. Elliot
                              NC Bar No: 7709
                              Attorney for Plaintiff
                              Elliot Pishko Morgan, P.A.
                              426 Old Salem Road
                              Winston-Salem, NC 27101
                              (336) 724-2828
                              rmelliot@epmlaw.com

25