IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LISA M. HONEYCUTT,                  )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   1:09CV912
                                    )
THE CITY OF ROCKINGHAM,             )
NORTH CAROLINA; R.B. LUGABIHL,      )
individually and in his official    )
capacity as an officer of the       )
Rockingham Police Department; and   )
BIG LOTS STORES, INC.,              )
                                    )
                Defendants.         )

**MEMORANDUM OPINION, RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the unopposed Motion to Amend Complaint (Docket Entry 18) filed by Plaintiff Lisa Honeycutt (Docket Entry 18). Additionally, the undersigned United States Magistrate Judge must make a recommendation (pursuant to this Court's Amended Standing Order No. 30) on a Motion to Dismiss (Docket Entry 12) filed by Defendant Big Lots Stores, Inc. ("Big Lots") (Docket Entry 12). For the reasons stated below, the Court grants Ms. Honeycutt's Motion to Amend Complaint and recommends that Big Lots' Motion to Dismiss be denied as moot.

**I. BACKGROUND**

This action arises out of Ms. Honeycutt's shopping trip to Big Lots' store in Rockingham, North Carolina, and subsequent arrest. (See Docket Entry 1.)[1] On December 1, 2006, Ms. Honeycutt went to

---

[1] For purposes of resolving the instant motions, the Court relies on the description of the historical facts set out by Ms. Honeycutt in her Complaint.

Big Lots' store to return an item and shop. (Id., ¶ 8.) While waiting to checkout, Robert Layton, Big Lots' security guard, accused Ms. Honeycutt of shoplifting and demanded that Ms. Honeycutt hand over her purse. (Id., ¶¶ 10, 13.) Although, Ms. Honeycutt denied shoplifting and opened her purse, Mr. Layton required Ms. Honeycutt to move to another area and wait for the police. (Id.)

Officers from the Rockingham Police Department, including Defendant Officer R.B. Lugabihl, arrived and took Ms. Honeycutt into custody. (Id., ¶¶ 11-12.) Officer Lugabihl drove Ms. Honeycutt to a magistrate's office. (Id., ¶ 12.) While in a waiting room at that office, Officer Lugabihl allegedly accosted Ms. Honeycutt and physically harmed her. (Id., ¶¶ 13-14.) Ms. Honeycutt was taken to the hospital, where she received treatment for her injuries, and was then taken to the jail for processing. (Id., ¶ 15.) Upon the request of Officer Lugabihl and Mr. Layton, a warrant was issued for Ms. Honeycutt's arrest. (Id., ¶ 16.) Ms. Honeycutt was charged with obstructing and resisting arrest and disorderly conduct. (Id., ¶ 17.) Those charges were subsequently dismissed. (Id., ¶ 18.)

On November 30, 2009, Ms. Honeycutt initiated this action by filing a thirteen-count Complaint. (Id.)[2] On February 19, 2010,

---

[2] The Complaint alleges claims for: (1) "Deprivation of Civil Rights under 42 U.S.C. § 1983 to be Free from Excessive Force Against the Defendant Lugabihl in his Individual Capacity" (Docket Entry 1, ¶¶ 29-32); (2) "Deprivation of Civil Rights under 42 U.S.C. § 1983 to be Free from Malicious and Wrongful Prosecution Against the Defendant Lugabihl in his Individual Capacity" (id., ¶¶ 33-39); (3)
(continued...)

Big Lots filed its Motion to Dismiss. (Docket Entry 12.) On April 23, 2010, Ms. Honeycutt and Big Lots stipulated to the dismissal of Ms. Honeycutt's Thirteenth Claim for Relief (Defamation). (Docket Entry 22.) On April 5, 2010, Ms. Honeycutt filed her Motion to Amend Complaint. (Docket Entry 18.)

## II. DISCUSSION

The Court addresses Ms. Honeycutt's Motion to Amend Complaint and then discusses Big Lots' Motion to Dismiss. As discussed below, the Court's order with respect to the former motion, makes the latter motion moot.

### A. Motion to Amend Complaint

Given the current procedural posture of the case, the Federal Rules of Civil Procedure provide that a plaintiff may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Said rule further directs that "[t]he court should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any

---

[2](...continued)
"Deprivation of Civil Rights under 42 U.S.C. § 1983 Against Defendant City of Rockingham and Defendant Lugabihl in his Official Capacity" (id., ¶¶ 40-42); (4) "Assault Against Police Defendants" (id., ¶¶ 43-47); (5) "Battery Against Police Defendants" (id., ¶¶ 48-52); (6) "Negligent Hiring and Retention Against Defendant City of Rockingham" (id., ¶¶ 53-56); (7) "Malicious Prosecution Against Police Defendants" (id., ¶¶ 57-61); (8) "False Arrest Against Police Defendants" (id., ¶¶ 62-66); (9) "Intentional Infliction of Emotional Distress Against Police Defendants" (id., ¶¶ 67-72); (10) "Malicious Prosecution" against Big Lots (id., ¶¶ 73-78); (11) "Intentional Infliction of Emotional Distress" against Big Lots (id., ¶¶ 79-84); (12) "Negligence" against Big Lots (id., ¶¶ 85-89); and (13) "Defamation" against Big Lots (id., ¶¶ 90-95).

3

justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 317 U.S. 178, 182 (1962).

Ms. Honeycutt proposes to amend her Complaint with respect to two claims brought against Big Lots. (Docket Entry 18, ¶¶ 2-3.) The motion seeks to provide more specificity regarding the element of severe emotional distress related to her Eleventh Claim for Relief (Intentional Infliction of Emotional Distress), and to remove the Thirteenth Claim for Relief (Defamation). (Id.) Ms. Honeycutt has attached a "First Amended Complaint" to her motion incorporating these changes. (Docket Entry 18, Attachment A (Docket Entry 18-1).) Ms. Honeycutt explains that the amendment to the Eleventh Claim For Relief is made in response to Big Lots' argument, raised in its Motion to Dismiss (see Docket Entry 12, ¶ 2), that she failed to provide sufficient specificity regarding severe emotional distress. (Docket Entry 18, ¶ 2.) Ms. Honeycutt seeks removal of the Thirteenth Claim For Relief, as a result of the stipulated voluntary dismissal of that claim. (Id., ¶ 3.)

Big Lots and Defendants City of Rockingham, North Carolina, and Officer Lugabihl filed responses to this motion stating that they did not object. (Docket Entries 20, 21.)[3] As required by

---

[3] In support of her Motion to Amend Complaint, Ms. Honeycutt argues that "[t]here has been no 'undue delay,' 'bad faith or dilatory motive on the part of the movant,' or 'repeated failure to cure deficiencies by amendments previously allowed' in this case." (Docket Entry 19 at 3.) Ms. Honeycutt also claims that her amendment is not "futile" and would not result in "undue prejudice to the opposing par[ies]." (Id. (internal quotation marks omitted).) The Court does not address whether justice requires that the Court grant Ms. Honeycutt leave to amend her Complaint, because the Defendants' consent to said amendment provides a separate basis for granting this motion.

4

Rule 15(a)(2), Ms. Honeycutt has obtained all of the Defendants' written consent to amend her Complaint. Therefore, the Court will grant the Motion to Amend Complaint (Docket Entry 18).[4]

B. Motion to Dismiss

Big Lots brought its Motion to Dismiss pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. (Docket Entry 12 at 1.) In its motion, Big Lots sought to "dismiss with prejudice [Ms. Honeycutt's] claims for defamation[, the Thirteenth Claim for Relief,] and intentional infliction of emotional distress[, the Eleventh Claim for Relief]." (Id.) The defamation claim was, according to Big Lots, "time-barred by N.C. Gen. Stat. § 1-54(3), which applies a one-year limitation period to claims for defamation." (Id.)[5] Big Lots also argues that the Eleventh Claim for Relief should be dismissed, because Ms. Honeycutt "fails to plead sufficient facts to support the essential element of the claim that [Ms. Honeycutt] suffered and/or suffers from 'severe emotional distress.'" (Id. at 2.)[6]

In its Response to Ms. Honeycutt's Motion to Amend Complaint, Big Lots admitted that its motion to dismiss would be rendered moot if the Court granted Ms. Honeycutt's Motion to Amend Complaint.

---

[4] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to said motion.

[5] Big Lots utilizes a small capitalization font to cite the North Carolina General Statutes. (Docket Entry 12 at 1.)

[6] Because the Court recommends that the instant motion be dismissed as moot, the Court does not address the merits of Big Lots' arguments in its brief in support of this motion (see Docket Entry 13).

(Docket Entry 20 at 2.)  Big Lots acknowledges that Ms. Honeycutt has already stipulated to the dismissal of the Thirteenth Claim for Relief (Defamation).  (Id. at 1; see Docket Entry 22.)  Moreover, Big Lots recognizes that "in the proposed First Amended Complaint . . . [Ms. Honeycutt] has added allegations about her alleged damages for the intentional infliction of emotional distress claim[, the Eleventh Claim for Relief]."  (Docket Entry 20 at 2.)

As set forth above, the Court grants Ms. Honeycutt's Motion to Amend (see supra pp. 3-5), therefore, the Court recommends that the Motion to Dismiss (Docket Entry 12) be denied as moot.

### III.  CONCLUSION

Defendants have consented to Ms. Honeycutt's Motion to Amend Complaint (Docket Entry 18).  Moreover, the filing of the First Amended Complaint will render Big Lots' Motion to Dismiss (Docket Entry 12) moot.  Accordingly,

**IT IS ORDERED** that Ms. Honeycutt's Motion to Amend Complaint (Docket Entry 18) is **GRANTED** and that Ms. Honeycutt file her First Amended Complaint substantially in the form of the attachment to said motion within 14 days of the entry of this Memorandum Opinion, Recommendation and Order.

**IT IS RECOMMENDED** that Big Lots' Motion to Dismiss (Docket Entry 12) be **DENIED** as moot.

                                /s/ L. Patrick Auld
                              **L. Patrick Auld**
                         **United States Magistrate Judge**

August 18, 2010