IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LISA M. HONEYCUTT,                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    1:09CV912
                                  )
THE CITY OF ROCKINGHAM,           )
NORTH CAROLINA; AND R.B.          )
LUGABIHL, individually, and in    )
his official capacity as an       )
Officer of the Rockingham         )
Police Department,                )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Seal Photographic Exhibits (Docket Entry 70). For the reasons that follow, the Court will grant said motion. The instant motion arises from Plaintiff's desire to file under seal, in conjunction with her summary judgment response, certain photographs depicting alleged injuries in private areas of her body. (See Docket Entry 70, ¶ 4.) The United States Court of Appeals for the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispostiive motion." Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). "When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." Virginia Dept. of State Police v. The Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge

the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted). "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Id. (internal citations and quotation marks omitted).

Initially, the Court observes that the instant motion to seal exhibits has been publicly docketed since January 23, 2012. (Docket Entry 70.) Any interested party therefore has had sufficient time to seek intervention to contest any sealing order, but no opposition has been filed (see Docket Entries from Jan. 23, 2012, to present). Accordingly, the Court concludes that, as to the motion at issue, the "public notice" prerequisite to entry of a sealing order has been satisfied. See Stone v. University of Md. Med. Sys., 855 F.2d 178, 181 (4th Cir. 1988) (discussing use of docketing to comply with procedural requirements for sealing).

Next, the Court must determine what, if any, public access right attaches to the items covered by the instant sealing requests. See Virginia Dept. of State Police, 386 F.3d at 576. The more rigorous First Amendment standard applies to exhibits related to dispositive motions. See Rushford, 846 F.2d at 252-53 ("Once the documents are made part of a dispositive motion, such as

-2-

a summary judgment motion, they lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks and citations omitted)). The exhibits in question are thus subject to the right of access granted by the First Amendment, because they were filed in connection with a motion for summary judgment.

The Court next must balance that First Amendment access right against the competing interests identified by Plaintiff. In light of the interest in personal privacy cited by Plaintiff, the balance in this case warrants sealing as requested by Plaintiff. See, e.g., United States v. Sattar, 471 F. Supp. 2d 380, 387-89 (S.D.N.Y. 2006) (recognizing that party's interest in preventing disclosure of items of highly personal nature can outweigh First Amendment right of access). Moreover, the Court finds that redaction of the exhibits would not suffice to protect Plaintiff's privacy interests.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal Photographic Exhibits (Docket Entry 70) is **GRANTED**.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                 **United States Magistrate Judge**
February 2, 2012